## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 02 2020, 8:26 am

**C L E R K**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Tyler D. Helmond
Voyles Vaiana Lukemeyer
Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Samuel J. Dayton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Michael J. Kalinowski,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 2, 2020

Court of Appeals Case No.
20A-CR-1163

Appeal from the Vanderburgh
Circuit Court

The Honorable Kelli E. Fink,
Magistrate

Trial Court Cause No.
82C01-2002-F6-902

**Weissmann, Judge.**

[1] Michael Kalinowski appeals the sentence imposed by the trial court after Kalinowski pleaded guilty to two counts of Level 6 felony intimidation and admitted to being an habitual offender. Kalinowski argues that the sentence is inappropriate in light of the nature of the offenses and his character. Finding the sentence not inappropriate, we affirm.

## Facts

[2] On February 3, 2020, a man later identified as Kalinowski approached a group of children riding their bicycles. He told the children that he was "gonna cut [their] throats" and shoot them, making "hand gestures of cutting their throats and point[ing] a gun at them." Appellant's App. Vol II p. 24. He also told them, "ya'll f*cked up, I'm coming back" and "I'll be back." *Id.* The children's parents called law enforcement to report the incident, and officers located and arrested Kalinowski. While in a holding cell, Kalinowski yelled and made threatening statements to the officers, saying he knew chefs who would put poison in the officers' food and "I'll shoot ya'll asses." *Id.*

[3] On February 6, 2020, the State charged Kalinowski with four counts of Level 6 felony intimidation and alleged that Kalinowski was an habitual offender. On April 1, 2020, Kalinowski pleaded guilty to two counts of intimidation and admitted to being an habitual offender in exchange for the dismissal of the remaining two counts of intimidation.

[4] On June 3, 2020, the trial court sentenced Kalinowski to concurrent terms of one and one-half years for each intimidation conviction and imposed an

enhancement of three years for the habitual offender status, for an aggregate sentence of four and one-half years. The trial court recommended substance abuse and mental health treatment for Kalinowski while he is incarcerated. Kalinowski now appeals.

## Discussion and Decision

[5] Kalinowski argues that the sentence imposed by the trial court is inappropriate in light of the nature of the offenses and his character pursuant to Indiana Appellate Rule 7(B). We must "conduct [this] review with substantial deference and give 'due consideration' to the trial court's decision—since the 'principal role of [our] review is to attempt to leaven the outliers,' and not to achieve a perceived 'correct' sentence." *Knapp v. State*, 9 N.E.3d 1274, 1292 (Ind. 2014) (quoting *Chambers v. State*, 989 N.E.2d 1257, 1259 (Ind. 2013)) (internal citations omitted).

[6] Kalinowski was convicted of two Level 6 felonies, for which he faced a sentence of six months to two and one-half years, with an advisory term of one year. Ind. Code § 35-50-2-7. The trial court imposed concurrent terms of one and one-half years. For being an habitual offender, Kalinowski faced a sentence enhancement of two to six years imprisonment. I.C. § 35-50-2-8. The trial court imposed a three-year enhancement for the habitual offender status, resulting in an aggregate term of four and one-half years imprisonment.

[7] With respect to the nature of the offenses, Kalinowski badly frightened a group of children. He threatened to cut their throats and shoot them, accompanying

the threats with hand motions and warning the children that he would be back. After his arrest, he threatened police officers that he would have their food poisoned and shoot them. While the nature of these offenses may not be the worst of the worst, the sentence imposed by the trial court was significantly less than the maximum term Kalinowski faced.

[8] As to Kalinowski's character, he has an extensive and escalating criminal history. From 2001 through 2003, he was convicted of eight misdemeanors. In 2004, he was convicted of resisting law enforcement—his first felony conviction—as well as multiple misdemeanors. He was sentenced to probation, which was later revoked. In 2005, he was convicted of two misdemeanors and Class C felony robbery and received a four-year sentence. In 2010, he was convicted of two misdemeanors. He received a suspended sentence for one of those convictions, but it was revoked within weeks once he began serving it. In 2011, he was convicted of Class C felony battery by means of a deadly weapon, Class C felony robbery, Class D felony intimidation, and Class D felony criminal mischief. He received an aggregate executed sentence of eight and one-half years imprisonment. In 2017, he received a one-year sentence for Class A misdemeanor unlawful possession of a syringe. In 2018, he was convicted of Class B misdemeanor criminal mischief and charged with two counts of Level 6 felony trespass that were later dismissed. In 2019, Kalinowski was convicted of Level 6 felony residential entry, Level 6 felony criminal trespass, and Class B misdemeanor criminal mischief.

[9] When looking over the entirety of Kalinowski's criminal history, the only substantial gaps correspond with his periods of incarceration. In other words, when not incarcerated, Kalinowski continues to engage in escalating criminal activity. He has been afforded probation, suspended sentences, and lenient sentences, but has not taken advantage of those opportunities. The offender risk assessment test indicates that he is "a Very High risk to re-offend." Appellant's App. Vol. II p. 47; *see also Kayser v. State*, 131 N.E.3d 717, 722 (Ind. Ct. App. 2019) (observing that the risk assessment test results may be used to determine the way a sentence is to be served).

[10] Kalinowski has been an illegal drug user throughout his adult life. Specifically, he has been an active heroin and methamphetamine user since he was eighteen years old. By the time of his arrest in this case, he was using one gram of heroin and three and one-half to seven grams of methamphetamine each day.

[11] Kalinowski focuses his inappropriateness argument on his mental health. He does, indeed, appear to have multiple untreated mental health conditions, including bipolar disorder and schizophrenia. Under certain circumstances, it may be appropriate to revise a sentence downward pursuant to Rule 7(B) if the defendant has untreated mental health issues. *See, e.g.*, *Mullins v. State*, 148 N.E.3d 986 (Ind. 2020). Our Supreme Court has noted, however, that there is a "need for a high level of discernment when assessing a claim that mental illness warrants mitigating weight." *Covington v. State*, 842 N.E.2d 345, 349 (Ind. 2006). "Factors to consider in weighing a mental health issue include the extent of the inability to control the behavior, the overall limit on function, the

duration of the illness, and the nexus between the illness and the crime."
*Marlett v. State*, 878 N.E.2d 860, 866 (Ind. Ct. App. 2007).

[12] There is limited evidence in the record on Kalinowski's mental health. While we know what his diagnoses are and that he has suffered from these conditions for much of his life, there is no evidence related to the remaining factors listed in *Marlett*. In other words, we cannot discern, based on the evidence in the record, the extent to which Kalinowski is unable to control his behavior, the overall limits on his functioning, or the nexus between the conditions and the crimes. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006) (observing that the burden is on the defendant to show that his sentence is inappropriate).

[13] Kalinowski directs our attention to *Mullins*, in which our Supreme Court revised a sentence from 24.5 to 18 years based on the defendant's untreated mental health issues. In that case, the defendant began using illegal drugs at the age of fourteen when a relative forcibly injected her with heroin, was physically and sexually abused beginning at a very young age and continuing into adulthood, and her limited criminal history was non-violent. 148 N.E.3d at 987. Here, in contrast, there is no indication that Kalinowski's introduction to substance abuse was involuntary or that he has a history of being abused. Moreover, his criminal history includes several convictions involving violence, including robbery, battery, and fighting-related disorderly conduct. We also find the length and escalating nature of his criminal history to be of particular import—a fact that was absent in *Mullins*. Therefore, we do not find that *Mullins* requires a revision of Kalinowski's sentence.

[14]     We acknowledge that Kalinowski suffers from untreated mental health disorders. But the trial court took that into consideration in imposing the sentence, finding his mental health to be a mitigating circumstance. In fact, the trial court imposed a sentence below the five-year term recommended by the probation department. Appellant's App. Vol. II p. 47. Furthermore, the trial court explicitly recommended that Kalinowski receive both mental health and substance abuse treatment while incarcerated.

[15]     In sum, we find that the aggregate four-and-one-half-year sentence imposed by the trial court is not inappropriate in light of the nature of the offenses and Kalinowski's character.

[16]     The judgment of the trial court is affirmed.

Bailey, J., and Vaidik, J., concur.